CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 31 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JAMES WANDLESS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:07CV00111 |
| JAMES HUGHES, | ) **MEMORANDUM OPINION** |
| RION BOWMAN VFW POST, | ) |
| and | ) By: Hon. Glen E. Conrad |
| VETERANS OF FOREIGN WARS OF THE UNITED STATES, INC., | ) United States District Judge |
| Defendants. | ) |

The plaintiff brought this action asserting claims under both federal and state law for injuries incurred as a result of an assault and battery which allegedly took place on June 22, 2007 at the Rion Bowman VFW Post in Harrisonburg, Virginia. This matter is before the court on defendant James Hughes's and Rion Bowman VFW Post's motion to dismiss. For the reasons set forth below, the defendants' motion will be granted.

## FACTUAL BACKGROUND

In his complaint, the plaintiff, James Wandless ("Wandless"), states that he is an eighty-two year old veteran of World War II and a resident of Broadway, Virginia. On June 22, 2007, Wandless asserts that he entered the Rion Bowman VFW Post ("the Post"), an independent Post of the Veterans of Foreign Wars in Harrisonburg, Virginia, to inquire about membership in that Post. Wandless claims that, upon entering the Post, he was confronted by unidentified,

intoxicated members of the Post who demanded that he produce identification. Wandless alleges that he informed the members that his discharge papers had been lost, but that he had brought along an archive which referenced his identity. Wandless contends that he was then attacked by four unknown members as well as the named defendant, James Hughes ("Hughes"), an officer and member of the Post.

According to the plaintiff's complaint, these individuals dragged Wandless bodily outside of the Post and struck him with their fists. As a result of his injuries, Wandless claims that he incurred medical expenses in excess of $4,000. Wandless further contends that other individuals have been attacked on a number of occasions by intoxicated members of the Post in or near its facility in Harrisonburg. Finally, Wandless asserts that the defendants later arranged a meeting of the other members of the Post, along with eyewitnesses to the alleged assault and battery of the plaintiff, and agreed upon a fabricated account of the events which put the plaintiff in the role of the aggressor.

Wandless filed this action asserting that this court possesses federal question jurisdiction under 28 U.S.C. § 1331 stemming from his claim that the defendants violated 36 U.S.C. § 230102, which sets forth the purposes of the Veterans of Foreign Wars. Wandless also asserts the presence of supplemental jurisdiction under 28 U.S.C. § 1367(a) for his state claims of negligence, willful and wanton conduct, assault and battery, intentional infliction of emotional distress, and false imprisonment. The plaintiff asks for compensatory damages in the amount of $2,000,000 and punitive damages in the amount of $4,000,000.[1]

---

[1] Although the plaintiff has served the complaint upon both Hughes and the Post, it appears that defendant Veterans of Foreign Wars has not yet been served.

2

Defendants Hughes and the Post have now filed this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), claiming that there is no federal subject matter jurisdiction and that, in any case, the plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted. The plaintiff failed to file a written response to the defendants' motion. However, both parties appeared before the court at a hearing on March 24, 2008, and the motion is now ripe for decision.

## STANDARD OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(1)

A party may file a motion to dismiss for lack of jurisdiction over the subject matter pursuant to Federal Rule of Civil Procedure 12(b)(1). A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(1), a court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." 166 F.3d at 647 (internal citation omitted). A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal citation omitted).

### II. Federal Rule of Civil Procedure 12(b)(6)

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). As the Supreme Court recently noted, a complaint need not assert detailed

factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965.

## DISCUSSION

The plaintiff claims that the court has original jurisdiction over this matter based upon an alleged violation of 36 U.S.C. § 230102. That section sets forth the purposes of the Veterans of Foreign Wars as follows:

> The purposes of the corporation are fraternal, patriotic, historical, charitable and educational, and are –
> (1) to preserve and strengthen comradeship among its members;
> (2) to assist worthy comrades;
> (3) to perpetuate the memory and history of our dead, and to assist their widows and orphans;
> (4) to maintain true allegiance to the Government of the United States, and fidelity to its Constitution and laws;
> (5) to foster true patriotism;
> (6) to maintain and extend the institutions of American freedom; and
> (7) to preserve and defend the United States from all enemies.

36 U.S.C. § 230102. Wandless claims that the defendants have violated the following purposes enumerated under Section 230102: (1) to promote a fraternal purpose; (2) to assist a comrade; (3) to preserve and strengthen comradeship; and (4) to perform the acts necessary and proper to carry out the fraternal, patriotic, historical, charitable, and educational purposes of a corporation chartered by the laws of the United States.

The defendants contend that there is no private right of action under 36 U.S.C. § 230102, and therefore no federal question jurisdiction in this case. Because a federal court is one of

4

limited jurisdiction, "[i]t is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (internal citations omitted). In examining a particular statute to determine whether a private right of action exists, a court will first "begin with the presumption that if a statute does not expressly create a private cause of action, one does not exist." Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 805 (4th Cir. 1996). If the statute is silent, the key inquiry is Congressional intent. Smith v. Reagan, 844 F.2d 195, 201 (4th Cir.) cert. denied 488 U.S. 954 (1988). In this case, the court finds that the statute at issue, 36 U.S.C. § 230102, does not explicitly create a private cause of action.[2] Therefore, the court must proceed to the next inquiry.

Because "regulation of access to the courts is largely a legislative task," an implied right of action will be disfavored and "will not be found in the absence of clear evidence of legislative intent." Id.

In examining legislative intent, a court should consider the following factors:

First, is the plaintiff 'one of the class for whose *especial* benefit the statute was enacted,'- that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? . . . And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law?

California v. Sierra Club, 451 U.S. 287, 293 (1981) (quoting Cort v. Ash, 422 U.S. 66, 78 (1975)) (emphasis in original). A consideration of the first two factors is dispositive; therefore if

---

[2] Although the plaintiff correctly notes that Congress has given the Veterans of Foreign Wars the power to sue and be sued, see 36 U.S.C. § 230104(8), such a provision does not in itself create a federal cause of action under Section 230102.

5

a court finds that the first two factors fail to given an indication of congressional intent to create a private remedy, it will not be necessary to inquire further. Sierra Club, 451 U.S. at 297-98; Finn v. Schiller, 72 F.3d 1182, 1189 (4th Cir. 1996). With regard to whether a plaintiff is a member of the class for whose especial benefit the statute was enacted, "[t]he question is not simply who would benefit from the Act, but whether Congress intended to confer federal rights upon" such beneficiaries. Sierra Club, 451 U.S. at 294.

In this case, the defendants contend that the statute which chartered the Veterans of Foreign Wars fails to create any private right of action, either explicitly or implicitly, and does not proscribe any conduct as unlawful. The defendants also assert that the section relied upon by Wandless simply sets forth the organization's purposes and makes no mention of particular rights or duties.

In considering the legislative intent of the statute at issue here, the court finds and concludes that, although Wandless might derive some benefit from becoming a member of the Veterans of Foreign Wars, there is no indication that Congress had any intention to confer any rights, either explicit or implicit, upon individuals such as the plaintiff. According to the House of Representatives Report accompanying the bill to incorporate the organization, the creation of the Veterans of Foreign Wars was intended to "aid the men who participated in the foreign wars in which our Nation was engaged to cultivate the spirit of patriotism and bring assistance to its membership." H.R. Rep. No. 2206, at 2 (1936). Such language does not indicate an intent to confer particular federal rights upon prospective members. Furthermore, the court finds that there is no indication that Congress intended to create any legal remedies under § 230102. Although these findings are case dispositive under Sierra Club, supra, the court also notes that

the purposes set forth in the House Report are not consistent with an implication of any private remedy which might benefit the plaintiff and that the causes of action asserted by the plaintiff would be more appropriately brought in state court. These factors also weigh in favor of a finding that there was no legislative intent to create a private cause of action through the enactment of the statute at issue here.

In any case, after considering the factors set forth in Sierra Club, supra, the court concludes that there is no private right of action available under 36 U.S.C. § 230102. As a result, the court finds that it lacks subject matter jurisdiction of the plaintiff's claims asserted under that section.[3] Furthermore, because the court otherwise lacks original jurisdiction over the plaintiff's claims, it declines to exercise supplemental jurisdiction over the plaintiff's remaining state claims.[4] Therefore, the defendants' motion to dismiss shall be granted. Because the court has determined that the plaintiff's claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), it will not be necessary for the court to consider the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

---

[3] The court also notes that it does not have jurisdiction over a civil action brought against a corporation on the ground that it was incorporated by an Act of Congress, unless the United States owns more than one-half of the corporation's capital stock. See 28 U.S.C. § 1349. The United States does not own more than one-half of the capital stock of the Veterans of Foreign Wars, therefore § 1349 would not constitute an independent basis of jurisdiction in this case.

[4] The court also notes that diversity jurisdiction would not exist in this case because, although the plaintiff has alleged an amount in controversy significantly in excess of $75,000, a federally chartered corporation, such as the Veterans of Foreign Wars, is considered to be a citizen of the United States, "but not of any particular state." Crum v. Veterans of Foreign Wars, 502 F. Supp. 1377, 1379 (D.C. Del. 1980); Harris v. American Legion, 162 F. Supp. 700, 705 (S.D. Ind. 1958). Furthermore, the Post appears to be a separate nonprofit corporation organized under the laws of the Commonwealth of Virginia, and therefore a citizen of Virginia as is the plaintiff.

The Clerk of Court is directed to send certified copies of this memorandum opinion to all counsel of record.

ENTER: This 31st day of March, 2008.

_____
United States District Judge